UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ENGER ALEXANDER MARINEZ PENA,<br><br>              Petitioner,<br><br>       v.<br><br>ANTONE MONIZ, Superintendent,<br>Plymouth County Correctional<br>Facility, PATRICIA HYDE, Field<br>Office Director, TODD LYONS, Acting<br>Director of U.S. Immigrations and<br>Customs Enforcement, MARKWAYNE<br>MULLIN, Secretary of Homeland<br>Security, TODD BLANCHE, Acting<br>Attorney General of the<br>United States,<br><br>              Respondents. | CIVIL ACTION<br>NO. 26-11993-WGY |

YOUNG, D.J.                                        May 11, 2026

**ORDER**

The Court has reviewed the petition filed by Petitioner Enger Alexander Marinez Pena ("Marinez Pena") for habeas corpus relief under 28 U.S.C. § 2241 ("Pet." or "the Petition"), ECF No. 1, as well as the Respondents' response, Resp't's Resp. Habeas Pet. ("Resp."), ECF No. 7.  The Court hereby ALLOWS the Petition insofar as it seeks a bond hearing/individualized custody redetermination before an immigration judge, at which the government bears the burden of proving Marinez Pena poses a danger to the community or flight risk, see Hernandez-Lara v.

Lyons, 10 F.4th 19, 41 (1st Cir. 2021), and ORDERS this hearing be held within seven (7) days of the date of this Order.  The Court further ORDERS Respondents to file a status report -- stating whether Petitioner has been granted bond and, if his request for bond is denied, the reasons for the denial -- within ten (10) days of this Order.

**FACTUAL BACKGROUND**.  Marinez Pena is a native and citizen of Dominican Republic.  Pet. ¶¶ 2, 21.  He was detained by Immigration Customs Enforcement ("ICE") on or about April 14, 2026, and has since remained in its custody.  Id. ¶¶ 3-4, 21.  Marinez Pena contends that his detention violates INA provisions and his rights under the Due Process Clause of the Fifth Amendment.  Id. ¶¶ 42-48.  Thus, Marinez Pena requests a bond hearing.  Id. ¶ 13.

**ANALYSIS**.  District courts retain jurisdiction to hear noncitizens' challenges to the legality of their immigration detention.  Kong v. United States, 62 F.4th 608, 614 (1st Cir. 2023).  Since Marinez Pena challenges his continued detention, this Court has jurisdiction over his petition.

This Court agrees with petitioner Marinez Pena that his custody is governed by 8 U.S.C. § 1226(a) which, as due process requires, entitles him to a bond hearing before an immigration judge.  This conclusion is consistent with a growing body of this court's rulings in similar cases.  See, e.g., Sampiao v.

[2]

Hyde, 799 F. Supp. 3d 14, 19-20 (D. Mass. 2025) (Kobick, J.); De Andrade v. Moniz, 802 F. Supp. 3d 325, 333 (D. Mass. 2025) (Saylor, J.); Araujo da Silva v. Bondi, No. 25-CV-12672-DJC, 2025 WL 2969163, at *2 (D. Mass. Oct. 21, 2025) (Casper, C.J.); Chuqui Paredes v. Moniz, No. CV 26-10335-FDS, 2026 WL 309632, at *2 (D. Mass. Feb. 5, 2026) (Saylor, J.).

In his Petition, Marinez Pena contends to be a member of the class certified in Guerrero Orellana v. Moniz, No. 25-cv-12664-PBS. Pet. ¶ 16. This Court, however, having independently determined Marinez Pena's entitlement to a bond hearing, declines to determine the effect of the Guerrero Orellana on this case. See Oliveira Batista v. Hyde, No. 26-cv-10195-FDS (D. Mass. Jan. 27, 2026), D. 9 at 2 n. 2.

For the foregoing reasons, the Court rules as follows. The Court ALLOWS the Petition, ECF No. 1, insofar as it seeks a bond hearing/individualized custody redetermination before an immigration judge, at which the government bears the burden of proving that Marinez Pena poses a danger to the community or flight risk, see Hernandez-Lara, 10 F.4th at 41, and ORDERS this hearing be held within seven (7) days of the date of this Order. The Court ORDERS Respondents to file a status report -- stating whether petitioner Marinez Pena has been granted bond and, if the request for bond is denied, the reasons for the denial --

[3]

[4]

within ten (10) days of this Order.

**SO ORDERED.**

WILLIAM G. YOUNG
DISTRICT JUDGE

[4]